# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CRIMINAL CASE NO. 1:15-cr-00104-MR-WCM-1

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| CARMICHAEL CORNILUS HILL, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Defendant's letter, which the Court construes as a motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) [Doc. 44].

**I.     PROCEDURAL BACKGROUND**

On August 31, 2016, the Defendant Carmichael Cornilus Hill was sentenced to a total of 75 months' imprisonment for conspiring to defraud the United States and aggravated identity theft. [Doc. 36]. The Defendant is currently serving this sentence at FCI Coleman Low, and his projected release date is March 19, 2022.[1]

---

[1] See https://www.bop.gov/inmateloc/ (last visited July 31, 2020).

The Defendant filed a motion to reduce his sentence on April 17, 2020, citing the ongoing COVID-19 pandemic. [Doc. 42]. This Court denied that motion without prejudice for failing to exhaust his administrative remedies within the Bureau of Prisons (BOP). [Doc. 43]. After exhausting those administrative remedies, the Defendant renewed his motion on June 22, 2020. [Doc. 44]. The Court ordered the Government to respond to the Defendant's motion. On July 31, 2020, the Government filed a Response, conceding that the Defendant has demonstrated "extraordinary and compelling reasons" for a sentencing reduction and deferring to the Court regarding whether the Defendant should be released upon proper consideration of the § 3553(a) factors. [Doc. 45].

## II.  DISCUSSION

Section 3582(c)(1)(A), as amended by The First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5239 (Dec. 21, 2018), permits a defendant to seek a modification of his sentence for "extraordinary and compelling reasons," if the defendant has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."  18 U.S.C. §

3582(c)(1)(A). The Defendant asserts in his motion that he submitted a request for compassionate release to the warden of his BOP facility, but that the warden denied his request. [Doc. 44 at 1]. The Government concedes that the Defendant has now exhausted his administrative remedies. [Doc. 45 at 2]. Therefore, the Court will proceed to address the merits of his motion.

As is relevant here, the Court may reduce a defendant's sentence under § 3582(c)(1)(A)(i) "extraordinary and compelling reasons" if "such reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). The Court must also consider the factors set forth in 18 U.S.C. § 3553(a), to the extent that such factors are applicable. Id.

Sentencing Guidelines § 1B1.13 is the Sentencing Commission's policy statement applicable to compassionate release reductions.[2] See

---

[2] The policy statement refers only to motions filed by the BOP Director. That is because this policy statement was last amended on November 1, 2018, and until the enactment of the First Step Act on December 21, 2018, defendants were not permitted to file motions under § 3582(c). See First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5239. In light of the statutory requirement that any sentence reduction be "consistent with applicable policy statements issued by the Sentencing Commission," § 3582(c)(1)(A), and the lack of any plausible reason to treat motions filed by defendants differently from motions filed by BOP, the Court concludes that the policy statement applies to motions filed by defendants under § 3582(c)(1)(A) as well.

3

U.S.S.G. § 1B1.13. As is pertinent here, this policy statement provides that the Court may reduce a term of imprisonment after considering the § 3553(a) factors if the Court finds that (1) "[e]xtraordinary and compelling reasons warrant the reduction;" (2) "[t]he defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g);" and (3) "[t]he reduction is consistent with this policy statement." U.S.S.G. § 1B1.13.

The application note to § 1B1.13 specifies the types of circumstances that qualify as "extraordinary and compelling reasons." As is pertinent here, a defendant's medical condition can qualify as a basis for relief if the defendant is "suffering from a terminal illness," such as "metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, [or] advanced dementia," U.S.S.G. § 1B1.13, cmt. n.1(A)(i). The defendant's medical condition can also qualify as an extraordinary and compelling reason if the defendant is:

> (I) suffering from a serious physical or medical condition,
>
> (II) suffering from a serious functional or cognitive impairment, or
>
> (III) experiencing deteriorating physical or mental health because of the aging process, that

4

> substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

U.S.S.G. § 1B1.13, cmt. n.1(A)(ii).

The Defendant's motion [Doc. 44] is very brief and provides little information on which the Court can base a determination that the Defendant presents "extraordinary and compelling reasons" for relief. He makes reference to certain medical conditions which pre-date his sentencing. These conditions, however, are not reflected in his Presentence Report. This lack of corroboration and evidence makes the determination by the Court more difficult. The Government, referencing BOP medical records, confirms several (but not all) of the medical issues that the Defendant asserts. More importantly, the Government "concedes that the Defendant's circumstances constitute 'extraordinary and compelling' reasons for release." [Doc. 45 at 4]. The Court notes that the Department of Justice (through the BOP) first determined that the Defendant's condition did not warrant relief but has now (through the United States Attorney) reversed course and determined that it does. The Court will, therefore, proceed to address whether the § 3553(a) factors for sentencing warrant a reduction in sentence.

5

This Court found at sentencing that the Defendant engaged in the theft of personal identifying information for the purpose of submitting fraudulent tax returns. While the Defendant's conduct resulted in a substantial theft from the taxpayers and caused significant financial harm, the Defendant was a minor beneficiary of the crime. His principal co-conspirators were the primary actors. In addition, the Defendant's offense was non-violent, and it was the first offense for which the Defendant had ever served a term of imprisonment. The Court finds that the Defendant is not currently "a danger to the safety of any other person or to the community." U.S.S.G. § 1B1.13(2). Accordingly, the Court finds that reducing the Defendant's sentence to a term of time served plus 21 days, taken with additional appropriate restrictions[3], is sufficient in light of the nature of the Defendant's offense and his criminal history, and that releasing the Defendant does not pose a danger to the community.

The Government requests that, in the event the Defendant's motion is granted, the Court order a period of home confinement. See 18 U.S.C. § 3582(c)(1)(A); see also 18 U.S.C. § 3583(e)(4) (allowing court to order the

---

[3] The Court understands that, in order to protect the public, it is the policy of the BOP to quarantine inmates for a period of at least 14 days prior to release to home confinement. See https://www.bop.gov/coronavirus/faq.jsp#hc_quarantine (last visited Aug. 7, 2020).

6

defendant to remain at his residence during nonworking hours as an alternative to incarceration); U.S.S.G. § 5F1.2 (permitting home detention to be imposed as a condition of supervised release, but only as a substitute for imprisonment). The Court will grant the Government's request.

**IT IS, THEREFORE, ORDERED** that the Defendant's letter, which the Court construes as a motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) [Doc. 44] is **GRANTED**, and the Defendant's sentence is hereby **REDUCED** to a sentence of **TIME SERVED PLUS TWENTY-ONE (21) DAYS**. The Bureau of Prisons shall place the Defendant in quarantine for a minimum period of fourteen (14) days immediately prior to his release.

**IT IS FURTHER ORDERED** that the Defendant's terms of supervised release are hereby **MODIFIED** so as to require the Defendant to serve a total of four years of supervised release, with the first twelve (12) months thereof on home detention, with location monitoring.

The Clerk of Court is respectfully directed to prepare an Amended Judgment in accordance with this Order.

**IT IS SO ORDERED.**

Signed: August 10, 2020

Martin Reidinger
Chief United States District Judge